CLOTILDE SANTOS, Petitioner, *v*. DISTRICT COURT OF PONCE, Respondent.

No. 286.   Argued October 20, 1933.—Decided October 26, 1933.

*Agustín E. Font* for petitioner.   *R. Pérez Marchand, District Attorney of Ponce,* for respondent.   *R. A. Gómez, Fiscal,* as amicus curiae.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This case involves the interpretation of Act No. 51 of 1933 (Session Laws, p. 314), as to whether the Municipality of Santa Isabel was thereby merely segregated from the municipal judicial district of Salinas, annexed to the municipal judicial district of Juana Díaz, and attached to the judicial district of Ponce for the sole purpose of the appeals originating in the Municipal Court of Juana Díaz, or whether said Municipality of Santa Isabel was also completely separated from the judicial district of Guayama and annexed to the judicial district of Ponce.   The petitioner maintains the complete annexation; the District Court of Ponce, the restricted one.

The full text of Act No. 51 is as follows:

"To SEPARATE THE MUNICIPALITY OF SANTA ISABEL FROM THE MUNICIPAL JUDICIAL DISTRICT OF SALINAS, TO ANNEX SAID MUNICIPALITY TO THE MUNICIPAL JUDICIAL DISTRICT OF JUANA DÍAZ, AND TO THE DISTRICT COURT OF THE JUDICIAL DISTRICT OF PONCE, AND FOR OTHER PURPOSES.

"*Be it enacted by the Legislature of Puerto Rico:*

"Section 1.—The municipality of Santa Isabel is hereby separated from the municipal judicial district of Salinas, and shall hereafter

be a part of the municipal judicial district of Juana Díaz, which shall hereafter be composed of the municipalities of Juana Díaz, Santa Isabel and Villalba.

"Section 2.—The municipal court for the municipal judicial district of Juana Díaz shall have the same jurisdiction and powers as that of Salinas over cases arising within the limits of the municipality of Santa Isabel, including those cases at present pending before the municipal court of Salinas, which cases shall be transferred to the municipal court of Juana Díaz on motion made by any of the parties in interest.

"Section 3.—The cases on appeal from the municipal court of Juana Díaz proceeding from Santa Isabel, shall be received, heard and decided by the district court for the judicial district of Ponce, and the cases pending hearing on appeal on the date of the taking effect of this Act shall be transferred to the district court for the judicial district of Ponce.

"Section 4.—All laws or parts of laws in conflict herewith are hereby repealed.

"Section 5.—This Act shall take effect ninety days after its approval.

*"Approved May 11, 1933."*

To judge from its title, it may be concluded that the act ordained the complete annexation of the Municipality of Santa Isabel to the judicial district of Ponce. The provisions set forth in the body of the act are the ones which appear to confine the annexation to the hearing of appeals taken from judgments rendered by the Municipal Court of Juana Díaz in cases originating in Santa Isabel.

For the proper solution of the problem, we shall examine the judicial organization of Puerto Rico, beginning with General Order No. 118 of 1899, which created the district courts. Said order was issued by Brigadier General Davis upon the recommendation of the Judicial Board. It divided the Island into five judicial districts, enumerated the municipalities composing each district, and fixed the district capitals at San Juan, Ponce, Mayagüez, Arecibo, and Humacao.

In each district there was created a district court composed of three judges with general civil and criminal juris-

diction, and in each municipality a municipal court composed also of three judges with limited civil and criminal jurisdiction. The five judicial districts were thus composed of municipalities and of municipal courts from whose judgments appeals could be taken to the district court of the corresponding judicial district.

In providing a civil government for Puerto Rico by the Act of April 12, 1900, the Congress of the United States directed that judicial power should be vested in the courts and tribunals of Puerto Rico already established and then in operation, including the municipal courts created by said General Order No. 118 of 1899; and thus the established courts continued to function in this Island until the Insular Legislature reorganized the system by the Act of March 10, 1904 (Session Laws, p. 103).

Section 1 of that Act provides:

"Be it enacted that the territory of Puerto Rico is hereby divided into seven judicial districts as follows: The district of San Juan, with its capital in the city of San Juan; the district of Arecibo, with its capital in the city of Arecibo; the district of Mayagüez, with its capital in the city of Mayagüez; the district of Ponce, with its capital in the city of Ponce; the district of Humacao, with its capital in the city of Humacao; the district of Guayama, with its capital in the city of Guayama; and the district of Aguadilla, with its capital in the city of Aguadilla; *Provided,* that the said judicial districts shall in the future be made of the following municipalities:" The act enumerates them, and in referring to Guayama it provides: "The district of Guayama shall comprise the city of Guayama and the municipalities of Santa Isabel, Patillas, Cayey and Aibonito."

The act goes on to specify the duties of the district judges, justices of the peace, and municipal judges, and in section 8 it provides: "There shall be a municipal judge for each municipal judicial district . . . and said municipal districts shall be constituted as follows: . . . Judicial district of

Aguadilla: District No. 8. Aguadilla and Isabela; capital at Aguadilla. District No. 9. Las Marías and Lares; capital at Lares. District No. 10. Añasco, Aguada and San Sebastián; capital at Añasco. Judicial district of Mayagüez: District No. 11. Mayagüez and Maricao; capital at Mayagüez. District No. 12. San German and Sabana Grande; capital at San Germán. District No. 13. Cabo Rojo and Lajas; capital at Cabo Rojo. Judicial district of Ponce: District No. 14. Ponce and Adjuntas; capital at Ponce. District No. 15. Yauco. District No. 16. Juana Díaz and Coamo; capital at Coamo. District No. 17: Barros. Judicial district of Guayama: District No. 18. Guayama, Santa Isabel and Patillas; capital at Guayama. District No. 19. Cayey and Aibonito; capital at Cayey.''

On the following year the Legislature enacted a law to include certain newly created municipalities, in the judicial districts of Puerto Rico (Laws of 1905, p. 118) and amended accordingly sections 1 and 8 of the Act of 1904 reorganizing the judiciary. With respect to Aguadilla, Mayagüez, Ponce, and Guayama, section 8, as amended, provided:

"Section 8.—There shall be a municipal judge for each municipal judicial district; . . . and said municipal districts shall be constituted as follows: . . .

"Judicial district of Aguadilla. District No. 8. Aguadilla, Aguada, Rincón, Moca and Isabela; capital at Aguadilla. District No. 9. Las Marías and Lares; capital at Lares. District No. 10. Añasco and San Sebastián; capital at Añasco.

"Judicial district of Mayagüez. District No. 11. Mayagüez, and Maricao; capital at Mayagüez. District No. 12. San Germán, and Sabana Grande; capital at San Germán. District No. 13. Cabo Rojo and Lajas; capital at Cabo Rojo.

"Judicial district of Ponce. District No. 14. Ponce, Guayanilla, Peñuelas and Adjuntas; capital at Ponce. District No. 15. Yauco. District No. 16. Juana Díaz and Coamo; capital at Coamo. District No. 17. Barros.

"Judicial district of Guayama. District No. 18. Guayama, Santa Isabel, Patillas, Salinas and Arroyo. District No. 19. Cayey, Barranquitas, Cidra and Aibonito; capital at Cayey.''

In 1908 the Legislature again amended section 8 of the Act to reorganize the judicial system of Puerto Rico, by increasing the number of municipal judicial districts from 24 to 28, and with regard to the judicial districts of Aguadilla, Mayagüez, Ponce, and Guayama, the amended section provided as follows:

"Section 8.—There shall be a municipal judge for each municipal judicial district; . . . And said municipal district shall be constituted as follows: . . . .

"*     *     *     *     *     *     *

"Judicial District of Aguadilla. District No. 8. Aguadilla, Aguada, Moca and Isabela; capital at Aguadilla: District No. 9. Las Marías and Lares; capital at Lares. District No. 10. San Sebastián; capital at San Sebastián. District No. 11. Añasco and Rincón; capital at Añasco.

"Judicial district of Mayagüez. District No. 12. Mayagüez and Maricao; capital at Mayagüez. District No. 13. San Germán, Sabana Grande and Lajas; capital at San Germán. District No. 14. Cabo Rojo; capital at Cabo Rojo.

"Judicial district of Ponce. District No. 15. Ponce, Guayanilla and Peñuelas; capital at Ponce. District No. 16. Yauco. District No. 17. Coamo and Juana Díaz; capital at Coamo. District No. 18. Barros. District No. 19. Adjuntas.

"Judicial district of Guayama. District No. 20. Guayama, Patillas and Arroyo; capital at Guayama. District No. 21. Santa Isabel and Salinas; capital at Santa Isabel. District No. 22. Cayey, Barranquitas, Cidra and Aibonito; capital at Cayey."

The Island has thus been divided, since 1904, in judicial districts each composed of several municipalities and having a district court, and in municipal judicial districts each composed of one or several municipalities and having a municipal court; and each judicial district comprises whole municipal judicial districts, except in the cases of Añasco and Rincón. And the intention of the Legislature to include them entirely is inferred not only from the result of its action, but also from the form it gave to section 8 of the law, which it preserved in the amendments of 1905 and 1908. It did not stop at dividing the island into municipal judicial dis-

tricts, designating each with a number, but it made the distribution first mentioning the judicial district and then the municipal judicial districts comprised therein.

From 1908 until 1933 several laws have been enacted creating new municipal courts, among them that of Juana Díaz in 1911 (Session Laws, p. 186), reorganizing the District Courts of San Juan and of Ponce, and establishing the new judicial district of Bayamón with its district court, and the municipal judicial districts always remained integrally comprised in the judicial districts.

One of the reasons that lead the District Judge of Ponce to conclude · that Santa Isabel had been annexed to the district of Ponce only with respect to the appeals, was the precedent in regard to Añasco and Rincón. That is why when citing the Acts of 1904, 1905, and 1908 we have transcribed not only the provisions relating to the judicial districts of Guayama and Ponce but also those referring to the judicial districts of Aguadilla and Mayagüez.

After a careful consideration we think that the cases of Rincón and Añasco can be distinguished from the one at bar.

When the courts were reorganized in 1904, the Municipality of Añasco was attached to the judicial district of Aguadilla, to which the Municipality of Rincón had been annexed by an act approved March 1, 1902 (Revised Statutes and Codes of Puerto Rico of 1902, p. 207.) In 1905 the Act of March 1, 1902, was repealed (Laws of 1905, p. 128), and Rincón was again constituted into a separate municipality. As we have seen, it was annexed to the municipal judicial district of Aguadilla, thus forming part of the judicial district of. Aguadilla. On that same year, 1905, when section 1 of the Act of 1904 reorganizing the judiciary was amended (Laws of 1905, p. 117), Rincón continued annexed to the judicial district of Aguadilla and Añasco was annexed to Mayagüez.

We have also seen that in 1908, when section 8 of the Act of 1904 to reorganize the judicial system was amended

(Laws of 1908, p. 164) there was established judicial district No. 11 comprising the Municipalities of Añasco and Rincón, capital at Añasco. As section 1 of the said Act of 1904 was not then amended, in accordance with its provisions Añasco remained as part of the judicial district of Mayagüez and Rincón of that of Aguadilla, and the interpretation given to it ever since is that, although Añasco and Rincón from a single municipal judicial district, Añasco, for all judicial purposes, belongs to the judicial district of Mayagüez, and Rincón, for all judicial purposes, belongs to the judicial district of Aguadilla. Thus the District Court of Mayagüez takes cognizance of all cases of felonies committed in the Municipality of Añasco and the District Court of Aguadilla of all the felonies committed in Rincón. The District Court of Mayagüez hears all the appeals taken from judgments rendered by the Municipal Court of Añasco in cases of misdemeanors committed in Añasco, and the District Court of Aguadilla hears all appeals taken from judgments of the Municipal Court of Añasco in cases of misdemeanors committed in the municipality of Rincón; and the same rule applies to civil cases.

Although it can not be denied that this situation is somewhat anomalous, the general rule is clear, and all judicial matters arising in the Municipality of Añasco that pertain to a district court go to Mayagüez, and all similar matters arising in the Municipality of Rincón go to Aguadilla.

In the case of Santa Isabel the confusion would be extraordinary, because over the judicial matters of the municipality itself two different district courts would have jurisdiction, and this leads us to interpret the law in accordance with what we consider was the true intention of the Legislature, namely, to entirely separate the Municipality of Santa Isabel from the judicial district of Guayama, and not only annex it to the municipal judicial district of Juana Díaz, but also, in virtue of such annexation, to make it an integral part of the judicial district of Ponce.

Having arrived at this conclusion, it is clear that among the jury commissioners for the judicial district of Ponce, there should be a jury commissioner from and representing the Municipality of Santa Isabel.

The law is definite in this respect, and hence the writ of mandamus should issue in order that it may be duly complied with.